# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-03013-01-CR-S-MDH |
| ) | |
| ALVAN ALLEN, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri, Defendant's Amended Motion to Suppress Statements and Evidence was referred to the United States Magistrate Judge for preliminary review under § 636 (b), Title 28, United States Code. The United States Magistrate Judge has completed his preliminary review of Defendant's Motion and has submitted a report and recommendation to the undersigned, recommending this Court deny Defendant's Motion.

After careful review of the record before the Court, the Court adopts the detailed findings and recommendation of the United States Magistrate Judge. This Court finds that the search warrant that led to seizure of Defendant's cell phone was valid and based on probable cause. More specifically, the search warrant stated with sufficient particularity the items to be seized, including cell phones located at the 2935 W. Maplewood #D101 address. Further, information on which the search warrant relied was not stale. The affidavit makes clear that the allegations of sexual assault came from an interview of a thirteen-year-old victim who described a pattern of sexual misconduct beginning when she was eight years old and lasting "over the course of multiple years." (Doc. 47-1). Finally, even if the warrant lacked probable cause, this Court finds the good-faith exception to

1

the exclusionary rule applies in the instant case. This Court also finds that statements made by Defendant during the August 13, 2020 interview should not be excluded despite lack of a *Miranda* warning, as the interview at issue was not custodial. This position finds significant support in that Defendant walked about freely for periods during the interview, officers informed Defendant the interview was voluntary, the interview took place outside Defendant's own residence, and Defendant was not arrested following the interview. Finally, because the exclusionary rule is inapplicable to any of Defendant's August 13, 2020 statements, the fruit of the poisonous tree doctrine is inapposite to Defendant's August 19, 2020 statements as well.

It is therefore **ORDERED** that the Report and Recommendation of the United States Magistrate Judge is **ADOPTED** and incorporated herein.

It is **FURTHER ORDERED** that Defendant's Amended Motion to Suppress Statements and Evidence is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 18, 2023                                       */s/ Douglas Harpool*
                                                                                     **DOUGLAS HARPOOL**
                                                                                     **United States District Judge**