UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOURTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:21-CR-03013-MDH |
| ) | |
| ALVAN ALLEN , ) | |
| ) | |
| Defendant. ) | |

### Findings of Fact and Adjudication Order

The Court held a bench trial on this matter November 1, 2023. Defendant is charged under Count One with receipt and distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) as well as, under Count Two, failure to register as a sex offender in violation of 18 U.S.C. 2250(a). At trial, the Government announced that it planned to proceed on Count One of the Indictment alone. Accordingly, Count Two of the indictment is **DISMISSED** without prejudice. As to Count One, after careful consideration of all admitted evidence, this Court finds Defendant **GUILTY**, as the Government has proven all essential elements beyond all reasonable doubt.[1]

This Court finds that between approximately January 1, 2018 and August 13, 2020 the defendant knowingly received and distributed photographs and videos that contained visual depictions of child pornography. The Government's witnesses, Defendant's cell phone (Government's Exhibit Three), and Defendant's laptop (Government's Exhibit Five) establish

---

[1] Eighth Circuit Model Instruction 6.18.2252.

1

images removed from a cell phone and laptop possessed by Defendant include depictions of child pornography. This same evidence likewise establishes that Defendant received and distributed depictions of child pornography via his utilization of the Russian image sharing website Image Source ("Imgsrc").

The Court also finds that the defendant knew that the visual depictions were of minors engaging in sexually explicit conduct. Testimony from the Government's witnesses and Defendant's admissions establish that the cell phone and laptop from which the pornographic images were extracted had been in Defendant's possession prior to seizure by the Government. Further, the parties have stipulated that the images in question do in fact depict child pornography (Government Exhibit 19).

This Court further finds the visual depictions had been transported in interstate or foreign commerce. The parties have stipulated to this element (Government's Exhibit 19).

At trial, Defendant generally renewed his argument about improper search and seizure, previously overruled by this Court. (Docs. 41). This Court, however, finds no reason to reconsider its prior ruling and hereby reaffirms its denial of Defendant's Motion to Suppress. (Doc. 56).

During trial, Defendant orally reaffirmed waiver of his right to a jury trial as well as his right to testify on his behalf. This Court finds such waivers to be valid. This Court finds beyond all reasonable doubt that Defendant committed the crime charged.

Based on the foregoing, this Court finds Defendant **GUILTY** beyond a reasonable doubt of receipt and distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2). It is

**FURTHER ORDERED** that Defendant remain in custody until sentencing. It is also **FURTHER ORDERED** that the United States Probation Office prepare a presentence investigation report.

**IT IS SO ORDERED.**

Dated: November 6, 2023                                    /s/ Douglas Harpool

**DOUGLAS HARPOOL**
**United States District Judge**